977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny SPANISH, Defendant-Appellant.
 No. 92-1276.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1992.
 
 1
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Johnny Spanish, pro se, appeals from the district court's order denying his motion to correct an illegal sentence, filed pursuant to Fed.R.Civ.P. 35(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June of 1989, Spanish pled guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. The conspiracy began on or about December of 1984 and continued through October 31, 1987. He was sentenced to a term of seven years in prison, to be followed by four years of supervised release. In addition, Spanish was ordered to pay a fine of $10,000 and a $50 special assessment fee was imposed.
 
 
 4
 In his motion to correct his sentence, Spanish argues that the imposition of the term of supervised release is not authorized for offenses under 21 U.S.C. § 846 when the offense was committed prior to November 1, 1987, as it was in his case, citing Bifulco v. United States, 447 U.S. 381 (1980). Spanish also moves for the appointment of counsel and for a copy of the transcripts, on appeal.
 
 
 5
 Upon review, this court agrees with the government's statement on appeal, that the Supreme Court's holding in Bifulco precludes the imposition of supervised release for violations of 21 U.S.C. § 846 occurring before November 1, 1987. The record shows that Spanish was sentenced on the basis of conspiracy pursuant to that statute, and the Supreme Court has made it clear that Congress's failure to specifically authorize the imposition of special parole terms as punishment for those convicted of conspiracy was "not a slip of the legislative pen nor the result of unartful draftsmanship, but was a conscious and not irrational legislative choice." Bifulco, 447 U.S. at 400. Thus, there is no authority in the statute that was in effect at the time Spanish committed his crime for imposing supervised release, as was done by the district court in this case.
 
 
 6
 Accordingly, Spanish's motion for counsel and for a copy of transcripts is denied, and the district court's order is hereby VACATED and REMANDED so that the district court may correct Spanish's sentence in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation